UNITED STATES, Appellee

v

GEORGE W. MAGARGEL, Lance Corporal, U. S. Marine Corps, Appellant

21 USCMA 354, 45 CMR 128

*Donald H. Green, Esquire, Terrence R. Murphy, Esquire,* and *Commander Maitland G. Freed,* JAGC, USN, were on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.,* JAGC, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

QUINN, Judge:

This accused was involved in the same incident as the accused in United States v Sikorksi, 21 USCMA 345, 45 CMR 119, decided this date, but was tried separately. The court-martial acquitted him of conspiracy to commit robbery and murder, and murder, but convicted him of assault with intention to inflict grievous bodily harm, as a lesser offense included within the murder charge, and of robbery. We granted review, without requiring briefs, to consider an instructional issue as to which we had earlier granted review in the *Sikorski* case.

Sikorski's trial was concluded on April 22, 1970, and this case began on May 4. The same judge presided at both trials. During an out-of-court discussion of instructions, the following occurred:

"DC: Just to clear a point up, Colonel HOPPE, we assume that you are going to instruct the court that, if they find the confession was involuntary, to disregard MAGARGEL's testimony?

"MJ: Yes.

"IC: That's the last thing we have left."

As in *Sikorski,* the record demonstrates that defense counsel affirmatively desired that the now-challenged instruction be given to the court members. Consequently, as in *Sikorski,* we are not persuaded that the instruction should be regarded as ground for reversal. See also United States v Jackson, 5 USCMA 584, 588, 18 CMR 208 (1955); compare United States v Minnifield, 9 USCMA 373, 26 CMR 153 (1958). Additionally, consideration of the effect of the instruction can be put aside because the pretrial statement was properly admitted in evidence, and it affirmatively appears, from defense counsel's statement at the beginning of the trial that the defense would introduce evidence of the accused's good character and reputation for truthfulness, that the accused would have testified without regard to the admission of his pretrial statement. See United States v Mackey, 21 USCMA 254, 45 CMR 28 (1972); United States v Evans, 454 F2d 813 (CA 8th Cir) (1972). Accordingly, we affirm the decision of the United States Navy Court of Military Review.

Judge DUNCAN concurs.

Chief Judge DARDEN concurs in the result.